IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TRAVIS TRITT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | NO. 3:07-1234 |
| ) | JUDGE HAYNES |
| CATEGORY 5 RECORDS, LLC ) | |
| AND RAYMOND TERMINI, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Travis Tritt, a Georgia citizen, filed this action under 28 U.S.C. § 1332, the federal diversity statute, against Defendants: Category 5 Records, LLC ("Category 5"), a Connecticut corporation, and Raymond Termini, a Connecticut citizen. Plaintiff asserts claims for breaches of contract and implied covenants of good faith and fair dealing, fraudulent inducement to contract, anticipatory breach, inducement of breach of contract in violation of Tenn. Code Ann. § 47-50-109, and deceptive trade practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 et seq. ("TCPA"). Plaintiff seeks damages and injunctive relief. Plaintiff's claims arise out of a 2005 recording agreement between Plaintiff and Defendant Category 5.

Before the Court is Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(3) for improper venue or, in the alternative, to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). (Docket Entry No. 12.) Defendants contend that the contract between Plaintiff and Category 5 includes a forum selection clause that requires any legal actions regarding the contract to be brought in the state of New York. Id. In his response, Plaintiff argues that dismissal and transfer are unwarranted because: (1) there was fraud involved in the forum

selection clause and in the inducement of the Plaintiff to sign the contract; (2) Plaintiff's non-contract claims fall outside the scope of the forum selection clause; and (3) the location of necessary witnesses and evidence in this district render venue in this district proper. (Docket Entry No. 19.)

For the reasons set forth below, the Court concludes that the parties' forum selection clause is enforceable and governs all off his claims, including his tort claim arising out of the parties' contract. Thus, this action should be dismissed without prejudice to refile in the State of New York.

## A. Analysis of the Motion

According to the complaint, Defendant Termini started Category 5 as an independent record company and in 2005, Termini approached Plaintiff to negotiate a recording contract with him. (Docket Entry No. 1, Complaint at ¶ 8.) With the assistance of counsel, Plaintiff subsequently entered into such a contract with Category 5 on or about December 24, 2005. Id. at ¶ 13. The parties' contract contains a choice-of-law and choice-of-forum provision:

> This agreement shall be deemed entered into in the State of New York, and the validity, interpretation and legal effect of this agreement shall be governed by the laws of the State of New York applicable to contracts entered into and performed entirely within the State of New York. <u>The New York courts, only, will have jurisdiction of any controversies regarding this agreement</u>; and, any action or other proceeding which involves such a controversy will be brought in the courts located in the State of New York, and not elsewhere . . . .

(Docket Entry No. 13-1 at 20) (emphasis added).

Plaintiff alleges that soon after he and Defendants entered into this agreement, their relationship unraveled. (Docket Entry No. 1, Complaint at 5.) Plaintiff cites a series of disagreements and conflicts between Plaintiff and Defendants, that culminated in the cessation of Category 5's operations and, later, this action. Id. at 5-9.

For their motion, the Defendants assert that the parties' contract contains above forum

2

selection provision; and adopts New York law. Thus, any legal action related to the contract must be filed in the State of New York. (Docket Entry No. 13-1 at 14(g)). In addition, under the parties' contract, accountings were to be delivered to Tritt's business manager and attorney in New York, New York. Id. at ¶ 9. Contractual notices required by the contract to Category 5 were to be delivered to Category 5's principal office in Connecticut and all notices to Plaintiff were to be delivered to his business manager and attorney in New York. Id. at ¶ 12. Defendants also noted that preliminary discussions between the parties occurred at Plaintiff's business office in Hiram, Georgia. The contract was drafted and negotiated by Tritt's and Category 5's attorneys who are experienced entertainment attorneys in New York, New York.

In opposition, Plaintiff asserts that Category 5 had headquarters in Nashville and that numerous meetings between Plaintiff's management and Category 5 representatives occurred in Nashville. All monies paid to Plaintiff by Category 5 were deposited into Plaintiff's Nashville bank account. Category 5 had a storage facility close to Nashville and necessary witnesses and evidence are in Nashville. Id. Plaintiff argues that these connections make this district the most convenient and efficient location for this case to go forward. Id.

### B. Conclusions of Law

Where the Court's jurisdiction is based on diversity of citizenship and personal jurisdiction is uncontested, venue is governed by 28 U.S.C. 1391, that provides in relevant part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving

3

rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). See Kerobo v. Southwestern Clean Fuels Corp., 285 F.3d 531, 538 (6th Cir. 2002).

The parties can agree upon a forum to decide their disputes, M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 17 (1972). "[W]hen an action arises from a contract or contractual relationship between two parties, the choice of forum clause in that contract governs." Allied Sound v. Dukane Corp., 934 F. Supp. 272, 276 (M.D. Tenn. 1996). Such clauses, however, must not be the product of fraud or overreaching." Preferred Capital, Inc. v. Assocs. in Urology, 453 F.3d 718, 722 (6th Cir. 2006) (citations omitted). Any allegations of fraud must relate to the forum selection clause:

> [U]nless there is a showing that <u>the alleged fraud or misrepresentation induced the party opposing a forum selection clause to agree to inclusion of that clause</u> in a contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum selection clause.

Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1138 (6th Cir. 1991) (emphasis in original).

Here, Plaintiff asserts "Tritt submits to the Court that the forum selection clause was, like the contract, obtained by fraud . . . ." (Docket Entry No. 19 at p.15) Plaintiff contends that the "inducement of the [forum selection] clause itself, <u>standing apart from the whole agreement</u>" was the product of fraud, citing Moses, 929 F.2d at 1138. The specifics of Plaintiff's fraud allegations are Defendant Termini's misrepresentations about the competence, resources, and stability of Category 5. (Docket Entry No. 1, Complaint at ¶¶ 9-11, 14, 45-49, 63-65.) This contract was

4

negotiated by experienced attorneys in New York. The Court fails to discern any showing that Category 5's alleged inability to perform after the contract is tied to the forum selection clause or when the parties' contract was executed. Plaintiff's allegations include that monies owed Plaintiff were paid into his Nashville bank account. This allegation reflects Category 5's performance of some aspects of the parties contract.

The Court concludes that Plaintiff has not shown that this clause in unenforceable. Because the contract allows a party to file in any New York court, state or federal court, the Court declines the Defendants' motion to transfer this action to the Southern District of New York.

As to Plaintiff's contention that the forum selection clause does not encompass his claims of fraudulent inducement, violation of the Tennessee Consumer Protection Act, and other tort claims, this clause extends to "any controversies regarding this agreement" and requires "any action or other proceeding which involves such a controversy" must be brought only in New York. (Docket Entry No. 13-1 at 20.) As a general rule, "contract-related tort claims involving the same operative facts as [are] parallel claim[s] for breach of contract [and] should be heard in the forum selected by the contracting parties." Gen. Envtl. Sci. Corp. v. Horsfall, 1994 WL 228256 at *8 (6th Cir. May 25, 1994) (quoting Lambert v. Kysar, 983 F.2d 1110, 1121-22 (1st Cir. 1993)). In a word, "[r]egardless of the duty sought to be enforced in a particular cause of action, if the duty arises from the contract, the forum selection clause governs the action." Hugel v. Corp. of Lloyd's, 999 F.2d 206, 209 (6th Cir. 1993). This rule includes "tort or consumer protection claims 'related to' the contract's purpose." Hasler Aviation, L.L.C. v. Aircenter, Inc., 2007 WL 2463283 at *5 (E.D. Tenn. Aug. 27, 2007). The use of "any controversy" reflects "the parties' belief that all actions regarding their relationship will be governed by the forum selection clause." Travelers Prop. Cas. Co. of Am. v.

5

Centimark Corp., 2005 WL 1038842 at *3 (S.D. Ohio May 2, 2005) (quoted in Hasler, 2007 WL 2463283 at *5).

As to Plaintiff's contention that the New York courts may not have personal jurisdiction over Defendant Termini (Docket Entry No. 19 at 9-10), Termini is the founder of Category 5 and its negotiator for this contract. The Court concludes that Termini is bound by the forum selection clause. Baker v. Leboeuf, 105 F.3d 1102, 1106 (6th Cir. 1997) (citing Hugel v. Corp. of Lloyd's, 999 F.2d 206, 209 (7th Cir. 1993). By his motion, Termini also consents to the jurisdiction in New York. See Orix Financial Services, Inc. v. Barnes, No. 05 Civ. 9665(RJH), 2007 WL 2825881 at *3 (S.D.N.Y. Sept. 28, 2007).

For these reasons, Defendants' motion to dismiss for improper venue should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 22 day of July, 2008.

WILLIAM J. HAYNES, JR.
United States District Judge

6